UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NICHOLAS A. ILLOBRE,                                :
Individually and on behalf of a class,              :
                              Plaintiff,            :          **OPINION AND ORDER**
                                                    :
 v.                                                 :          16 CV 452 (VB)
                                                    :
FINANCIAL RECOVERY SERVICES, INC.,                  :
                              Defendant.            :
--------------------------------------------------------------x

Briccetti, J.:

        Plaintiff Nicholas A. Illobre brings this putative class action against defendant Financial

Recovery Services, Inc., alleging violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 et seq.

        Before the Court is defendant's Rule 12(b)(6) motion to dismiss the amended complaint.

(Doc. #12).

        For the reasons set forth below, the motion is GRANTED.

        The Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

                                    **BACKGROUND**

        In deciding the pending motion, the Court accepts as true all well-pleaded factual

allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor.

        Defendant sent plaintiff a debt collection letter dated August 5, 2015.  The front side of

the letter contains a notice required to be communicated to consumers by debt collectors

pursuant to 15 U.S.C. § 1692g(a)[1] (the "Validation Notice").  The Validation Notice states:

--------------------------------------------

[1]        Section 1692g(a) provides:

        Within five days after the initial communication with a consumer in connection
        with the collection of any debt, a debt collector shall, unless the following

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any other portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

The back side of the letter, in the second paragraph under a "NOTICE TO ALL CONSUMERS" heading, includes language reflecting the provisions set forth in 15 U.S.C. § 1692c(c)[2] regarding when a debt collector must cease communication with a consumer (the "Communication Notice").  The Communication Notice states:

You can stop us from contacting you by writing a letter to us that tells us to stop contact or that you refuse to pay the debt.  Sending such a letter does not make the debt go away if you owe it.  Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

---

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

[2]      Section 1692c(c) states in pertinent part:

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except [in specified circumstances].

2

Plaintiff alleges the inclusion of both the Validation Notice and the Communication Notice in the collection letter violates Sections 1692e and 1692g because paraphrasing the language of Section 1692c(c) confuses the consumer, and overshadows and contradicts the required language of the Validation Notice.

## LEGAL STANDARD

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  Because the collection letter is

attached as an exhibit to the amended complaint, the Court may evaluate its contents without converting the motion to dismiss into a motion for summary judgment.

## DISCUSSION

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Second Circuit has "consistently interpreted the statute with these congressional objects in mind." Avila v. Riexinger & Assocs, LLC, 817 F.3d 72, 75 (2d Cir. 2016) (brackets and internal quotation omitted).

Section 1692e prohibits the use of "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Claims of FDCPA violations are evaluated under "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). A debt collector's notice violates Section 1692g if it fails to convey the required information "clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998). "When a notice contains language that overshadows or contradicts other language informing a consumer of her rights, it violates the Act." Id. (internal quotation omitted).

The Second Circuit has "made clear that in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." McStay v. I.C. Sys., Inc., 308 F.3d 188, 190–91 (2d Cir. 2002) (internal quotation omitted). The least

sophisticated consumer standard reflects the important balance between the need to protect consumers from deceptive and abusive collection practices, and the need to protect the debt collectors from liability based on unreasonable interpretations of collection letters.  Clomon v. Jackson, 988 F.2d 1314, 1320 (2d Cir. 1993).  Thus, "the FDCPA does not aid plaintiffs whose claims are based on bizarre or idiosyncratic interpretations of collection notices."  Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010) (internal quotation omitted).  "[C]ourts have held that even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (internal quotation marks omitted).

Plaintiff alleges the inclusion of both the Validation Notice and the Communication Notice in the collection letter violates Sections 1692e and 1692g by employing false, deceptive, and misleading representations in connection with the collection of a debt, and by overshadowing and contradicting the consumer's dispute procedure.  Specifically, plaintiff claims defendant attempted to confuse the consumer and to overshadow and contradict the required language of the Validation Notice by paraphrasing the language of Section 1692c(c) in the Communication Notice.  Plaintiff further contends Section 1692c(c) "is not required or intended to be disclosed to the consumer."  (Am. Compl. ¶ 11).  Plaintiff claims such disclosure is not required because the provisions of Section 1692c(c) informing consumers they may instruct debt collectors in writing to stop contacting them "is akin to the Validation Notice language of 'dispute the validity of this debtor or any portion thereof.'"  Id.  Plaintiff argues "[t]here is no substantial difference except that the Validation Notice allows for a dispute to be in

writing and/or oral, while the Section 1692c(c) dispute must be in writing," and that such a disclosure would cause a clear and unambiguous overshadowing of the Validation Notice.  Id.

The Court disagrees.

Plaintiff's interpretation of the collection letter does not satisfy the least sophisticated consumer standard.  The Validation Notice language informed plaintiff of the appropriate course of action should he wish to dispute the validity of the debt, and the Communication Notice language informed plaintiff how to exercise his rights to stop the debt collector from contacting him.  The Validation Notice fully recites the debt validation requirements in Section 1692g(a) and similarly, the Communication Notice accurately summarizes the consumer rights set forth in Section 1692c(c).  Accordingly, the Court concludes that a reasonable—albeit unsophisticated—consumer would understand that the Validation Notice and Communication Notice constitute distinct disclosures explaining separate and independent consumer rights.  Defendant's inclusion in the Communication Notice of a disclosure regarding plaintiff's rights under Section 1692c(c) does not contradict or overshadow the mandatory validation language required by Section 1692g(a) and included in the Validation Notice.

Moreover, plaintiff's contention that the rights set forth in Section 1692c(c) are not required or intended to be disclosed to the consumer is unpersuasive.  Although there is no express requirement that consumers be informed of their right to cause a debt collector to cease communication under Section 1692c(c), plaintiff does not cite any authority for the proposition that Congress did not intend for this information to be provided to consumers.  Furthermore, plaintiff cites no authority for the proposition that including language in a collection letter that reflects Section 1692c(c) would mislead a least sophisticated debtor.  "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which

is inaccurate."  Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).  Here, plaintiff has

failed to allege the Communication Notice is inaccurate.  In fact, reading the Communication

Notice side-by-side with Section 1692c(c) reveals that the former is an accurate paraphrase of the

latter, and thus fairly summarizes a consumer's rights under Section 1692c(c).

       Finally, the Court rejects plaintiff's claim that there is no substantial difference between

the Validation Notice and the Communication Notice, except that the Validation Notice allows

for a dispute to be made orally or in writing, while the Communication Notice dispute must be in

writing, and that the latter disclosure would cause a clear and unambiguous overshadowing of

the Validation Notice.  Section 1692g itself provides that some consumer rights may be

exercised orally, while others must be in writing.  Consumers may dispute the validity of a debt

orally under Section 1692g(a)(3).  Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282

(2d Cir. 2013) (concluding a consumer debtor need not contest an alleged debt in writing under

Section 1692g(a)(3)).  However, Sections 1692g(a)(4) and (5) expressly require debt collectors

to inform consumers that if they "notif[y] the debt collector in writing within the thirty-day

period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification

of the debt," and that "upon the consumer's written request within the thirty-day period, the debt

collector will provide the consumer with the name and address of the original creditor, if

different from the current creditor."  15 U.S.C. §§ 1692g(a)(4) and (5) (emphasis added).  Both

of these provisions are found in the Validation Notice, which as discussed above, is required to

be included in debt collection letters.  Plaintiff's contention that the writing requirement of

Section 1692c(c) overshadows and contradicts the Validation Notice is particularly unpersuasive

since the Validation Notice itself includes provisions that do not require a writing and other

provisions that do.  See White v. Goodman, 200 F.3d 1016, 120 (7th Cir. 2000) ("Any document

can be misread.  The [FDCPA] is not violated by a dunning letter that is susceptible of an

ingenious misreading, for then every dunning letter would violate it.  The [FDCPA] protects the

unsophisticated debtor, but not the irrational one.").

    The Court concludes that the inclusion of the Communication Notice, which accurately

and fairly discloses consumer rights under Section 1692c(c), in the debt collection letter does not

violate the FDCPA.  See Wan v. Commercial Recovery Systems, Inc., 369 F. Supp. 2d 1158,

1165 (N.D. Cal. 2005) (rejecting an argument similar to that advanced by plaintiff here, because

the language in question was "truthful, largely repeating the statutory language of [S]ection

1692c(c)" and thus did not violate the FDCPA).  The Court declines to construe the FDCPA, a

consumer protection statute, in such a way that prohibits or discourages debt collectors from

sensibly and accurately informing consumers about their rights.  See Romea v. Heiberger &

Assocs., 163 F.3d 111, 118 (2d Cir. 1998) (explaining courts may decline to interpret the

FDCPA in a manner that "would thwart the obvious purpose of the statute") (citation omitted).

    Accordingly, the amended complaint fails to state a claim upon which relief can be

granted.

**CONCLUSION**

Defendant's motion to dismiss the amended complaint is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #12) and close this case.

Dated: November 3, 2016
      White Plains, NY

                SO ORDERED:

                _____

                Vincent L. Briccetti
                United States District Judge